## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| JEFFREY HANLIN, on behalf of himself and all others similarly situated,  )<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>WILSON LIGHTING OF ST. LOUIS, INC.;  )<br>ROBERT WILSON CO., INC; and  )<br>WILSON LIGHTING OF NAPLES, INC,  )<br>ALL d/b/a WILSON LIGHTING  )<br>)<br>)<br>**SERVICE**:  )<br>Wilson, Robert III  )<br>909 S Brentwood Blvd.  )<br>Clayton, MO 63105  )<br>)<br>Defendants.  ) | Cause No.<br>Division No. |

## COLLECTIVE AND CLASS ACTION PETITION

Plaintiff, individually and on behalf of all others similarly situated, as collective action and class action representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## PRELIMINARY STATEMENT

1. This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and his similarly situated co-workers who work or worked for Defendants Wilson Lighting of St. Louis, Inc.; Robert Wilson Co., Inc.; and Wilson Lighting of Naples, Inc. – all of whom conduct business throughout the country and specifically in St. Louis County, Missouri under the name Wilson Lighting – as warehouse laborers and/or managers and who Defendants failed to, and fail to, pay the overtime rate of one and one-half times the regular rate of pay for hours worked over

6622471


EXHIBIT A

40 in a workweek. Indeed, Defendants have/had a common policy and practice of refusing to pay Plaintiff and similarly situated laborers and managers the statutorily required overtime rate for hours worked over 40 in a workweek despite these individuals often working between 50 and 70 hours per week.

2. Plaintiff therefore brings this action under the FLSA 29 U.S.C. § 201 *et seq.*, Missouri wage and hour law, and Missouri common law for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonably attorneys' fees, as a result of Defendants' failure to pay Plaintiff and similarly situated warehouse laborers and managers lawful overtime compensation and wages dues and owed.

## THE PARTIES AND CLAIMS

3. At all relevant times, Plaintiff resided in St. Louis, Missouri and worked as a warehouse manager for Defendant at its store in St. Louis County, Missouri.

4. Defendant Wilson Lighting of St. Louis, Inc. is a corporation organized in the state of Missouri, conducting business nationwide with its primary retail location in St. Louis County, Missouri.

5. Defendant Robert Wilson Co., Inc. is a corporation organized in the state of Kansas, conducting business nationwide, including in St. Louis County, Missouri, with its primary retail location in Overland Park, Kansas,

6. Defendant Wilson Lighting of Naples, Inc., is corporation organized in the state of Florida, conducting business nationwide, including in St. Louis County, Missouri, with its primary retail locations in Naples, Florida and Bonita Springs, Florida.

Electronically Filed - St Louis County - February 14, 2020 - 09:43 AM

7. Plaintiff worked for Wilson Lighting of St. Louis Inc. as a Warehouse Manager from in or around October 2015 to October 2019.

8. Warehouse laborers' and managers', including Plaintiff's, job duties consisted of, *inter alia*, receiving orders in the warehouse from FedEx, UPS, and LTL shipments; occasionally sending out orders – of one or two packages; putting away inventory stock, pulling stock and moving stock; organizing the warehouse; overseeing orders to customers for timeliness.

9. At all times herein, Plaintiff and similarly situated warehouse laborers and managers have been entitled to the rights, protections, and benefits provided under the FLSA and Missouri wage and hour law.

10. Plaintiff Hanlin brings Count I of this action as a collective action under the FLSA on behalf of himself and all other similarly situated warehouse laborers and managers employed, nationwide, by Defendants within the last three years.

11. Plaintiff Hanlin brings Count II of this lawsuit as a Class Action under the Missouri Minimum Wage Laws, Mo. Rev. Stat. § 290.500 *et seq*. and Missouri Rule of Civil Procedure 52.08 on behalf of himself and all other similarly situated warehouse laborers and managers employed by Defendants, in Missouri, within the last three years.

12. Plaintiff Hanlin brings Counts III and IV of this lawsuit as a class action under Missouri common law and Missouri Rule of Civil Procedure 52.08 on behalf of himself and all other similarly warehouse laborers and managers employed by Defendants, in Missouri, within the last five years.

13. Defendants are each an "employer" within the meaning set forth in the FLSA and Missouri law and were at all times relevant to the allegations herein Plaintiff's and similarly situated warehouse laborers' and managers' employer and/or joint employer.

14. Defendants have employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

15. Defendants have gross annual revenues exceeding $500,000 for all relevant periods.

## JURISDICTION AND VENUE

16. Plaintiff was at all times mentioned herein a citizen of the State of Missouri residing in St. Louis, Missouri.

17. Personal jurisdiction exists over Defendant Wilson Lighting of St. Louis Inc. ("Wilson STL").

18. Wilson STL's principal place of business is located in St. Louis County, Missouri because that is where its activities are directed, controlled, and coordinated, and that is where its storefront is. Wilson STL is a corporation organized in the State of Missouri. Wilson STL's affiliations with Missouri are so continuous and systematic as to render it essentially at home in Missouri. Wilson STL, therefore, is subject to general personal jurisdiction.

19. Moreover, the specific claims at issue in this action arise out of and result from Wilson STL's Missouri-related activities, including Wilson STL's joint employment, with the other Wilson Defendants, of Plaintiff and other similarly situated warehouse laborers and managers, and their collective establishment, maintenance and administration from Missouri, of the specific unlawful policies and practices challenged in this action. The exercise of specific personal jurisdiction over Wilson STL and the other Wilson Defendants comports with fair play and substantial justice because it is reasonable for all Defendants to be sued in Missouri given

that the specific claims at issue in this action arise out of and result from the Defendants' purposeful Missouri-related activities.

20. Robert Wilson Co., Inc. and Wilson Lighting of Naples, Inc. (the "other Wilson Defendants") – are not separate or distinct from Wilson STL. Wilson STL and the other Wilson Defendants act as one. They are each owned by the same members of the Wilson family. Their officers are the same members of the Wilson family. They have the same Human Resources department. They have the same upper management. They each sell goods in Missouri and throughout the country through the same website (www.wilsonlighting.com) and do business under the same name throughout the country and in St. Louis, County – Wilson Lighting. They each have the same policies with respect to pay – the policies and practices challenged in this action. The share and exchange inventory.

21. Wilson STL and the other Wilson Defendants lack any semblance of true independence from one another, resulting in the Wilson Defendants being the alter egos of Wilson STL and vice versa.

22. Given Defendants' choice to operate their business in this manner, disregarding the "separate" identity of the various Wilson entities is consistent with principles of justice and fairness, and a failure to disregard their "separate" identities would result in fraud and injustice.

23. Thus it is proper to extend personal jurisdiction over the other Wilson Defendants by attributing Wilson STL's Missouri-based contacts to the other Wilson Defendants or otherwise fusing Wilson STL and the other Wilson Defendants together for jurisdictional purposes, which establishes both general and specific personal jurisdiction over all Defendants in this action.

24. The other Wilson Defendants are organized or formed under the laws of States other than Missouri. Upon information and belief, the other Wilson Defendants may ostensibly claim that their principal place of business is outside of Missouri. However, the other Wilson Defendants are not separate or distinct from Wilson STL.

25. The family corporate owners and officers of Wilson STL and the other Wilson Defendants treat each Defendant as a mere department or instrumentality of the greater Wilson Lighting brand and fail to meaningfully observe corporate formalities.

26. The other Wilson Defendants, as Wilson STL, therefore, have continuous and systematic affiliations with Missouri as to render them essential at home in Missouri. Therefore, the other Wilson Defendants are subject to general personal jurisdiction in Missouri,

27. Specific personal jurisdiction also exists over the other Wilson Defendants. The activities of the other Wilson Defendants mentioned herein have all been controlled collectively with significant and principal participation occurring in and from Missouri. All Wilson Defendants have formed a joint employment relationship (a subject matter of Plaintiff's specific claims in this action) with respect to Plaintiff and similarly situated employees, which (1) conferred in Missouri the power to hire and fire Plaintiff and other similarly situated employees; (2) resulted in supervision and control from Missouri over the work schedules, terms and conditions of employment, and manner in which Plaintiff and other similarly situated employees performed their jobs; (3) resulted in the rates and methods of payment for Plaintiff and other similarly situated employees being determined, established, maintained and administered in Missouri, including as to the specific policies and practices challenged in this action; and (4) result in the creation and maintenance of employment records and the handling of payroll and

human resources matters for Plaintiff and other similarly situated employees in Missouri, including the specific payroll, time records, and policies/practices at issue in this action.

28.     Thus, Wilson STL and the other Wilson Defendants purposefully availed themselves of the privilege of conducting activities in Missouri.  The specific claims at issue in this action arise out of and result from the Wilson Defendants' Missouri-related activities because but for these Missouri-related activities, the claims of Plaintiff and other similarly situated employees would not have arisen.  The exercise of specific personal jurisdiction over the other Wilson Defendants comports with fair play and substantial justice because it is reasonable for the other Wilson Defendants to be sued in Missouri given that the specific claims at issue in this action arise out of and result from the purposeful Missouri-related activities.  It is also reasonable for the other Wilson Defendants to anticipate being hauled into a Missouri forum due to the nature of their relationship with Missouri-based Wilson STL.  All Defendants, therefore, are subject to specific jurisdiction in St. Louis County, Missouri.

29.     As Defendants transacts business in, and various conduct described herein – specifically the payment of wages, and failure to pay overtime time to its employees – occurred in St. Louis County, Missouri, jurisdiction and venue are proper in this Court of general jurisdiction.

## GENERAL ALLEGATIONS

30.     Plaintiff and similarly situated warehouse laborers and managers routinely worked, and work, over 40 hours per work week.  Indeed, these individuals often worked between 50 and 70 hours per week.  They are paid by the hour – not a salary.

31.     Defendants had/have actual knowledge that Plaintiff and similarly situated warehouse laborers and managers work over 40 hours per work week.  This information is

evidenced on pay stubs.  Moreover, Plaintiff and similarly situated warehouse laborers and managers laborers filled/fill out timesheets of hours worked each week; they would indicate the time work began and ended.  These time sheets are turned into Defendants and routinely evidence greater than 40 hours of time worked in a work week.

32. Notwithstanding this notice, Defendants failed, and fails, to pay Plaintiff and similarly situated warehouse laborers and managers one and one-half their regular rate of pay ("overtime") for hours worked over 40 in a work week.

33. Instead, Defendants Plaintiff and similarly situated warehouse laborers and managers straight time for hours worked over 40 in a workweek;

34. Plaintiff and similarly situated warehouse laborers and managers are not subject to any exemptions under state or federal law.

35. Plaintiff and similarly situated warehouse laborers and managers consistently worked, and work, without proper compensation and overtime.

36. Plaintiff and all similarly situated warehouse laborers and managers are owed overtime for every hour worked over 40 in a work week.

37. Defendants were informed by Plaintiff and, upon information and belief, other current and/or former employees of its failure to pay overtime to warehouse laborers and managers, but Defendants ignored these reports.

38. Defendants' deliberate failure to pay Plaintiff and similarly situated warehouse laborers and managers their earned overtime for hours in excess of 40 in a workweek violates the FLSA and Missouri law.

Electronically Filed - St Louis County - February 14, 2020 - 09:43 AM

39. The policies and practices maintained and administered by Defendants and instituted and approved by Defendants, resulted, and result, in Defendants willfully failing to pay overtime compensation.

40. Defendants thus enjoyed, and continues to enjoy, ill gained profits at the expense of Plaintiff and similarly situated warehouse laborers and managers.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

41. Plaintiff reasserts and realleges all allegations set forth above.

42. Plaintiff brings Count I as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of himself and all those similarly situated warehouse laborers and managers, nationwide, who file a consent to join form with the Court.

43. Plaintiff brings Counts II, III, and IV of this lawsuit as an "opt-out" class action under Missouri wage and hour law and common law and Missouri Rule of Civil Procedure 52.08 on behalf of himself and all other similarly situated warehouse laborers and managers, working in Missouri.

44. Plaintiff individually and on behalf of similarly situated warehouse laborers and managers seeks relief on a collective basis challenging Defendants' failure to pay required overtime for hours worked.  The number and identity of other Plaintiffs yet to opt-in and consent to be a party plaintiff to this lawsuit may be determined from Defendants' records.

45. Notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

46. The email address of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email addresses as soon as possible.

Electronically Filed - St Louis County - February 14, 2020 - 09:43 AM

47.     The cellular telephone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via text message as soon as possible.

48.     Plaintiff brings Count I of this Petition as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of himself and as the representative of the following:

a.      All current and former warehouse laborers and managers employed by Defendants nationwide within three years preceding the date of this filing.

49.     Plaintiff brings Count II of this Petition as a class action pursuant to Missouri Rule of Civil Procedure 52.08, on behalf of himself and as the class representative of the following persons:

b.      All current and former warehouse laborers and managers employed by Defendants in Missouri within three years preceding the date of this filing.

50.     Plaintiff brings Counts III and IV of this Petition as a class action pursuant to Missouri Rule of Civil Procedure 52.08, on behalf of himself and as the class representative of the following persons:

c.      All current and former warehouse laborers and managers employed by Defendants in Missouri within five years preceding the date of this filing.

51.     The state law claims, if certified for class wide treatment, are brought on behalf of all similarly situated warehouse laborers and managers who do not opt out of the class action ("the Class").

52.     Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Missouri Rule of Civil Procedure 52.08.

Electronically Filed - St Louis County - February 14, 2020 - 09:43 AM

53. The Class satisfies the numerosity standard; it consists of multiple persons who may be geographically disbursed. As a result, joinder of all Class members in a single action is impractical. Class members may be informed of the pendency of this class action through direct mail, electronic mail, and telephone.

54. Questions of fact and law common to the Class predominate over any questions affecting only individual members. Questions of law and fact arising from Defendant's actions including, without limitation, the following:

    d. Whether Defendants failed to pay Class members wages and overtime required under Mo. Rev. Stat. § 290.500 *et seq*.;

    e. Whether Defendants are liable to class members pursuant to Quantum Meruit; and

    f. Whether Defendants have been unjustly enriched by their failure to pay Class members for time worked.

55. The questions set forth above predominate any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

56. Plaintiff's claims are typical of those of the Class in that the Class Members have been, or are, employed in the same or sufficiently similar positions as Plaintiff and were subject to the same unlawful practices.

57. A class action is the appropriate method for the fair and efficient adjudication of the controversy. Defendants have acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for

Defendant, and/or substantially impairing or impeding the ability of the Class members to protect their interest.

58. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of other members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and his undersigned counsel, who is experienced in wage and hour, employment, and class/collective action litigation.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

59. Plaintiff reasserts and realleges the allegations set forth above.

60. At all times material herein, Plaintiff and other similarly warehouse laborers and managers have been entitled to the rights, protections, and benefits provided under the FLSA. Plaintiff and other similarly situated warehouse laborers and managers are and were at all relevant times "employees" within the meaning of the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

61. The FLSA regulates, among other things, the payment of overtime to Plaintiff and similarly situated warehouse laborers and managers who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

62. Defendants are subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its warehouse laborers and managers are engaged in commerce. 29 U.S.C. §§ 206(a) and 207(a).

63. During all times relevant to this action, Defendants were the "employer" of Plaintiff and similarly situated warehouse laborers and managers within the meaning of the FLSA. 29 U.S.C. §§ 206(a) and 207(a).

64. Defendants failed to pay Plaintiff and other similarly situated warehouse laborers and managers the overtime wages to which they were, and are, entitled under the FLSA.

65. Defendants' violations of the FLSA, as described herein, have been willful and intentional.

66. Defendants' did not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and those similarly situated warehouse laborers and managers.

67. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

68. As a result of Defendants' willful violations of the FLSA, Plaintiff and other similarly situated warehouse laborers and managers have suffered damages by being denied overtime wages in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly similarly situated warehouse laborers and managers, prays for the following relief:

   a. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all current and former warehouse laborers and managers employed by Defendants within three years preceding the date of filing this action.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

    b. The payment at one and one-half times their regular rates of pay for all hours worked over 40 in any workweek by Plaintiff and similarly situated warehouse laborers and managers for which they have not been properly compensated;

    c. Liquidated damages pursuant to 29 U.S.C. § 216(b);

    d. Reasonable attorneys' fees and costs;

    e. A reasonable service award to the Plaintiff to compensate him for the time he spent attempting to recover wages for FLSA collective members and for the risks he took in doing so;

    f. Prejudgment interest;

    g. That the applicable statute of limitations for Plaintiff's FLSA cause of action be tolled because strict application of the same would be inequitable;

    h. A declaratory judgment that Defendants' practices alleged herein violate the FLSA and relating regulations; and

    i. Such other and further relief as this Court deems fair and equitable.

## COUNT II: VIOLATION OF MISSOURI'S WAGE AND HOUR LAWS

69. Plaintiff reasserts and realleges the allegations set forth above.

70. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under Missouri's wage and hour laws – Mo. Rev. Stat. § 290.500 et seq.

71. Missouri's wage and hour laws regulate, among other things, the payment of overtime wages by employers, subject to limited exceptions not applicable here.

72. At all relevant times herein, Defendants, were Plaintiff's and similarly situated warehouse laborers' and managers' employer, and Plaintiff and similarly situated warehouse

Electronically Filed - St Louis County - February 14, 2020 - 09:43 AM

laborers and managers were Defendants' employees, within the meaning of Missouri's wage and hour laws – Mo. Rev. Stat. §§ 290.500(3) & (4).

73. Pursuant to Missouri's wage and hour laws (Mo. Rev. Stat. § 290.505.1), employees like Plaintiff and those similarly situated warehouse laborers and managers shall be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a work week.

74. Defendants violated Missouri's wage and hour laws by willfully and intentionally refusing and failing to pay Plaintiff and similarly situated warehouse laborers and managers overtime wages required under Missouri law.

75. Pursuant to Mo. Rev. Stat. § 290.527, Plaintiff and similarly situated warehouse laborers and managers are therefore entitled to damages equal to the full amount of their wage rate and an additional equal amount as liquidated damages, less any amount actually paid to Plaintiff and similarly situated warehouse laborers and managers by Defendants.

76. Plaintiff and similarly situated warehouse laborers and managers are also entitled to an award of prejudgment and post judgment interests at the applicable legal rate.

77. Plaintiff and similarly situated warehouse laborers and managers are also entitled to their costs and reasonable attorney's fees incurred in this action.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated warehouse laborers and managers, prays for the following relief:

   a. Compensatory damages equal to the full amount of Plaintiff's and similarly situated warehouse laborers' and managers' wage rate (that is, one and one half times their regular rate of pay for all hours worked over 40 in a work week) and an additional equal amount as liquidated damages, less any amount

actually paid to Plaintiff and similarly situated warehouse laborers and managers by Defendant;

b. Attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527;

c. That the applicable statute of limitations for Plaintiff's cause of action be tolled because strict application of the same would be inequitable;

d. Prejudgment and post judgment interest; and

e. All other relief this Court deems fair and equitable.

## COUNT III: QUANTUM MERUIT

78. Plaintiff reasserts and realleges the allegations set forth above.

79. Defendants recognized the benefits conferred upon it by Plaintiff and other similarly situated warehouse laborers and managers.

80. Defendants accepted and retained the benefits under circumstances that would render such retention inequitable.

81. Defendants have therefore been unjustly enriched, and Plaintiff and other similarly situated warehouse laborers and managers have been damaged.

82. The payment requested by Plaintiff and other similarly situated warehouse laborers and managers for the benefits produced by them to Defendants is based on customary and reasonable rates for such services, or like services, at the time and in the locality where the services were rendered.

83. Plaintiff and similarly situated warehouse laborers and managers are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Petition plus periods of equitable tolling.

Electronically Filed - St Louis County - February 14, 2020 - 09:43 AM

84. Plaintiff and similarly situated warehouse laborers and managers are also entitled to an award of prejudgment and post judgment interest at the applicable legal rate.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated warehouse laborers and managers, prays for the following relief:

   a. Compensatory damages;

   b. That the applicable statute of limitations for Plaintiff's cause of action be tolled because strict application of the same would be inequitable;

   c. Prejudgment and post judgment interest; and

   d. All other relief this Court deem fair and equitable.

## COUNT IV: UNJUST ENRICHMENT

85. Plaintiff reasserts and realleges the allegations set forth above.

86. Plaintiff and similarly situated warehouse laborers and managers conferred benefits on Defendants in the form of unpaid labor, and Defendants received such benefits conferred upon it by Plaintiff and similarly situated warehouse laborers and managers.

87. Defendants appreciated the fact of the benefits.

88. Defendants accepted and retained the benefits in circumstances that render such retention inequitable.

89. Defendants have therefore been unjustly enriched, and Plaintiff and similarly situated warehouse laborers and managers have been damaged.

90. Plaintiff and similarly situated warehouse laborers and managers are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Petition plus periods of equitable tolling.

Electronically Filed - St Louis County - February 14, 2020 - 09:43 AM

91. Plaintiff and similarly situated warehouse laborers and managers are also entitled to an award of prejudgment and post judgment interest.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated warehouse laborers and managers, prays for the following relief:

a. Compensatory damages;

b. Prejudgment and post judgment interest;

c. That the applicable statute of limitations for Plaintiff's cause of action be tolled because strict application of the same would be inequitable

d. All other relief this Court deems fair and equitable.

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ S. Cody Reinberg*
S. Cody Reinberg, Mo. Bar #66174
9666 Olive Blvd., Suite 202A
St. Louis, MO  63132
314-391-9557 p/f
creinberg@hkm.com

Attorneys for Plaintiff Jeffrey Hanlin

**February 14, 2019**